### GAMMA PHI CHAPTER OF SIGMA CHI BUILDING CORPORATION v. DADE COUNTY, et al.

No. 65-C-12959.

Circuit Court, Dade County.

May 18, 1966.

James H. Peck, II and B. E. Hendricks, both of Miami, for plaintiff.

Thomas C. Britton, County Attorney, Stuart Simon, Assistant County Attorney, for defendant.

THOMAS E. LEE, Jr., Circuit Judge.

*Final decree:* This cause came on to be heard on motions for summary final decree sought by both parties. The court, having reviewed the complaint, the answer, the affidavit of C. A. Morehead with exhibits 1 and 2 attached thereto, the deposition of Rue Gewert, and the two memorandum briefs submitted by opposing counsel, and having heard extensive argument by counsel, makes the following findings of fact —

The plaintiff non-profit corporation owns and has owned for some years past a fraternity house at 6100 San Amaro Drive in Coral Gables.

Following the enactment of §192.062, Florida Statutes, during the 1963 legislative session, the defendant tax assessor began a systematic program of reminding those persons whose property had been previously exempt from ad valorem tax by virtue of §16, article 16 of the constitution of Florida and chapter 192, Florida Statutes, to file an application for exemption on or before April 1 of the particular tax year for which exemption was sought.

At the beginning of January, 1965 the defendant assessor sent the plaintiff fraternity a reminder notice informing it that §192.062 was then in effect, and that applications for exemption from 1965 tax must be submitted on or before April 1, 1965.

Not having received a response from the plaintiff, the defendant assessor sent the plaintiff fraternity a further reminder notice on or about March 1, 1965.

The plaintiff fraternity filed its application for exemption from county ad valorem tax on June 7, 1965. The assessor denied the application for exemption on the ground that it had not been timely filed, and the plaintiff fraternity instituted this suit.

Based on these facts, it is ordered, adjudged and decreed as follows —

The defendants' motion for summary final decree is granted.

The plaintiff's argument that §192.062 does not define the consequences of failure to make timely application and should therefore be disregarded as vague and indefinite is not acceptable to the court. To so hold would be to declare the statute a nullity and of no force and effect, and this court will not so rule.

The plaintiff's prayer for relief should be barred by laches after it received two notices from the assessor reminding it to present its application on or before April 1, 1965, and still failed to do so.

The provisions of §192.062 appear to the court to be mandatory, rather than merely directory as urged by the plaintiff.